IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

CHARLOTTE L. DYE,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

    Defendant.

Case No. 08-CV-241-FHM

## OPINION AND ORDER

Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) [Dkt. 24] is GRANTED.

In *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006), the Court ruled that attorney fees are awardable under 42 U.S.C. § 406(b)(1) when the Social Security Administration awards disability benefits to a claimant following a remand from the federal court. In such a circumstance the authority of Fed. R. Civ. P. 60(b)(6) is employed to allow counsel to seek fees under §406(b)(1) long after the usual fourteen days allotted by Fed. R. Civ. P. 54((d)(2)(B)(i) for filing a motion for attorney fees has expired. *McGraw*, 450 F.3d at 505.

On December 22, 2008, the Court granted the Commissioner's unopposed Motion to Reverse and Remand for an Award of Benefits [Dkt. 20]. The Commissioner agreed, upon remand, to award disability benefits and to properly calculate the disability benefits due Plaintiff. *Id.* Counsel represents that, as of the date of filing the instant motion, the amount of past due benefits has not been calculated and the Notice of Award has not been received. [Dkt. 24, p. 2].

Plaintiff's counsel requests permission to file a motion for attorney fees under 42 U.S.C. § 406(b) "within sixty (60) days following Counsel's receipt of copies of all the Notice of Awards issued to Plaintiff and his auxiliary beneficiaries and the correct amount of retroactive benefits have been calculated." [Dkt. 24, p. 3]. In response to the instant motion, "[t]he Commissioner declines to assert a position on this request." [Dkt. 25, p. 1]. However, the Commissioner suggests that it would not be unreasonable for the court to either require counsel to submit a certification that Plaintiff has been advised of her right to object to the timeliness of counsel's future application for attorney fees, or to deny the motion as "unripe because the Commissioner has not issued a Notice of Award in this case." [Dkt. 25, p. 2].

The Court rejects the Commissioner's suggestions. The idea that the instant motion should be denied as unripe because the date of the Notice of Award is the date from which the timeliness of a motion filed under Fed. R. Civ. P. 60(b)(6) is measured is directly contrary to the Tenth Circuit's holding in *McGraw*. In *McGraw* the Court held that the calculation of a reasonable time is measured from the date of the Commissioner's decision awarding benefits. 405 F.3d at 505; *see also Early v. Astrue*, 295 Fed.Appx. 916, 919, 2008 WL 4492602 *3 (C.A. 10). The Commissioner's suggestion that counsel should be required to advise Plaintiff of her right to object to counsel's motion for fees on the basis of untimeliness is not reasonable in this case. The instant motion requests a period of 60 days from the date of counsel's receipt of the Notice of Award, which the Court finds is a reasonable amount of time. Counsel has no control over the timing of the issuance of the Notice of Award as the issuance of the Notice of Award is a task within the Commissioner's purview and entirely within the Commissioner's control. Since delay in the issuance of the

Notice of Award is not attributable to counsel, such delay does not present a rational reason for the Court to deny counsel permission to promptly file the motion for fees which is dependent on the issuance the Notice.

Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) [Dkt. 24] is GRANTED. Counsel is hereby permitted to file a motion for attorney fees awardable under 42 U.S.C. § 406(b) within sixty days of the Notice of Award.

SO ORDERED this 5th day of May, 2009.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE